**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

NICHOLAS SINCLAIR FIELDS and
YHOTZMINE ELIZABETH FIELDS,

Debtors,

---

CHRISTINE L. HERENDEEN,

Plaintiff,

v. Case No: 8:15-cv-1521-T-24

SPECIALIZED LOAN SERVICING LLC,

Defendant.

---

**ORDER**

This cause comes before the Court on Defendant's Motion for Withdrawal of Reference (Dkt. 1) and Plaintiff's Response (Dkt. 4). The Court, having reviewed the motion, response, and being otherwise advised, concludes that the motion to withdraw the reference should be denied.

## I. BACKGROUND

This is an adversary proceeding currently pending in the United States Bankruptcy Court for the Middle District of Florida.[1] The Complaint alleges Defendant violated Fla. Stat. §§ 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA") and 47 U.S.C. §§ 227 *et seq.*, the Telephone Consumer Protection Act ("TCPA") when Defendant made numerous calls to

---

[1] *In re: Nicholas Sinclair Fields and Yhotzmine Elizabeth Fields*, Case No. 8:15-ap-00446-MGW ("Adversary Proceeding").

Debtors Nicholas Sinclair Fields and Yhotzmine Elizabeth Fields' cell phone, attempting to collect a debt.

Debtors filed a voluntary petition for bankruptcy under Chapter 7 of Title 11 of the United States Code on August 12, 2014. Plaintiff Christine L. Herendeen was appointed as the Chapter 7 Trustee of the bankruptcy estate of Debtors. On September 12, 2014, a meeting of creditors was held pursuant to 11 U.S.C. § 341 (the "Section 341 Meeting").[2] During the Section 341 Meeting, Debtors testified regarding Defendant's numerous calls to Debtors during the period of August 1, 2012 through July 31, 2014. Debtors testified that Defendant called their cell phone four to eight times a day, every day of the week, and that Defendant continued to call Debtors' cell phone after Debtors told Defendant to stop calling Debtors' cell phone. Debtors also testified that Defendant told Debtors it had the right to continue calling Debtors after Debtors told them to stop calling and that Defendant contacted Yhotzmine Elizabeth Fields' mother attempting to reach Yhotzmine Elizabeth Fields regarding "a business matter". Adversary Proceeding (Dkt. 1 at 4).

On May 7, 2015, Plaintiff Christine L. Herendeen filed a Complaint in bankruptcy court alleging Defendant violated the FCCPA and TCPA on the basis of Debtors' testimony during the Section 341 Meeting. On June 1, 2015, Defendant filed the instant motion for withdrawal of reference.[3]

---

[2] 11 U.S.C. § 341 provides for an initial meeting of creditors, at which the debtor must undergo examination by the Chapter 7 Trustee.

[3] In addition, on June 1, 2015, Defendant filed a motion to determine non-core proceeding before the bankruptcy court. Adversary Proceeding (Dkt. 7). On August 7, 2015, the bankruptcy court entered an order granting Defendant's motion to determine non-core proceeding, holding that this adversary proceeding is a non-core proceeding. Adversary Proceeding (Dkt. 19). Plaintiff filed a motion for reconsideration of the bankruptcy court's order, which the bankruptcy court granted on September 8, 2015. Adversary Proceeding (Dkts. 20, 21). In its order on Plaintiff's motion for reconsideration, the bankruptcy court vacated its previous order in part, and held that the Adversary Proceeding is a non-core proceeding and the bankruptcy court maintains "related to" jurisdiction over the proceeding. Adversary Proceeding (Dkt. 21).

## II. JURISDICTIONAL ANALYSIS

### Bankruptcy Court Jurisdiction

The United States Code grants bankruptcy jurisdiction to Article III district courts. Specifically, 28 U.S.C. § 1334(b) states that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." Congress provided in 28 U.S.C. § 157(a) that each district court may refer all cases "arising under," "arising in," or "related to" Title 11 proceedings to the bankruptcy judges for the district. This Court has a standing order referring all bankruptcy matters to the bankruptcy courts. A finding that a matter is "related to" a bankruptcy case confers subject matter jurisdiction to the bankruptcy court and empowers it to hear the non-core matter. *In re Happy Hocker Pawn Shop, Inc.*, 212 Fed. App'x 811, 817 (11th Cir. 2006). However, under § 157(c), the bankruptcy court's power to determine a non-core matter is limited, as compared to its power to hear and determine core matters under § 157(b)(l). Specifically, the bankruptcy court has the power to determine matters properly before it under Title 11, but with respect to "related to" or non-core matters, an Article III court must render final judgment unless the parties consent to allow the bankruptcy court to handle the matter. 28 U.S.C. § 157(b) and (c).

## III. STANDARD GOVERNING PERMISSIVE WITHDRAWAL OF REFERENCE

The standard for permissive withdrawal is stated in 28 U.S.C. § 157(d): "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under [§ 157], on its own motion or on timely motion of any party, for cause shown." Congress has not given a definition or explanation of the "cause" required for permissive withdrawal, but the Eleventh Circuit has stated that cause "is not an empty requirement." *In re Parklane/Atlanta Joint Venture*, 927 F.2d 532, 536

(11th Cir. 1991). In determining whether the movant has established sufficient cause to withdraw the reference, "a district court should consider such goals as advancing uniformity in bankruptcy administration, decreasing forum shopping and confusion, promoting the economical use of the parties' resources, and facilitating the bankruptcy process." *In re Advanced Telecomm. Network, Inc.*, 2014 WL 2528844, at *1 (M.D. Fla. June 4, 2014) (*citing In re Simmons*, 200 F.3d 738, 742 (11th Cir. 2000) (citations omitted)). Additional factors to consider include: (1) whether the claim is core or non-core; (2) efficient use of judicial resources; (3) a jury demand; and (4) prevention of delay. *Control Ctr., L.L.C. v. Lauer*, 288 B.R. 269, 274 (M.D. Fla. 2002) (citations omitted).

The Eleventh Circuit has noted that "the cause prerequisite should not be used to prevent the district court from properly withdrawing reference either to ensure that the judicial power of the United States is exercised by an Article III court or in order to fulfill its supervisory function over the bankruptcy courts." *Parklane*, 927 F.2d at 538. The determination of whether to grant a motion for permissive withdrawal is within the court's discretion. *See In re Fundamental Long Term Care, Inc.*, 2014 WL 4452711, at *1 (M.D. Fla. Sept. 9, 2014) (citing *In re TPI lnt'l Airways*, 222 B.R. 663, 668 (S.D.Ga.1998) (citations omitted)).

## IV. MOTION TO WITHDRAW THE REFERENCE

Defendant argues that the reference should be withdrawn because the complaint's claims are non-core, and withdrawal will promote the economical use of the parties' resources and judicial efficiency.

### Non-Core Status of the Proceedings

Defendant argues the proceedings are non-core, and, therefore the reference should be withdrawn. The Court has stated that the determination of whether a matter is core or non-core "'should first be made by the bankruptcy court.'" *In re Fundamental Long Term Care, Inc.*, 2014

WL 2882522, at *21 (M.D. Fla. Jun. 25, 2014) (citing *In re stone*, No. 8:10-cv-2517-T-27, 2010 WL 5069698, at *1 (M.D. Fla. Dec. 7, 2010) (citations omitted)); *see also* 28 U.S.C. § 157(b)(3) ("The bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11.")

Here, the bankruptcy court has made such a determination, finding that the underlying adversary proceeding is a non-core proceeding.[4] While a determination that a proceeding is non-core weighs in favor of transferring the matter to a district court, *Control Ctr., L.L.C.*, 288 B.R. at 275, the Court must also consider the parties' arguments regarding economic and judicial resources.

**Efficient Use of Economic and Judicial Resources**

Defendant asserts adjudication of these matters by the district court in the first instance would be more efficient because proposed findings of fact and conclusions of law made by the bankruptcy court on non-core claims would be subject to *de novo* review by this Court, which would cause delay. Further, Defendant argues the district court is "better positioned" to address the claims alleged in the complaint. (Dkt. 1 at 4). Plaintiff asserts this factor does not support withdrawing the reference because the bankruptcy court is already intimately involved with the claims at issue in this case and is a sufficient venue in which to address such claims.[5]

A district court can allow the bankruptcy court to retain jurisdiction to address all pretrial matters, from discovery through dispositive motions on non-core claims. *See In re Gunnallen*

---

[4] *See In re: Nicholas Sinclair Fields and Yhotzmine Elizabeth Fields*, 8:15-ap-00446-MGW (Dkts. 19, 21).

[5] In addition, the parties submit arguments regarding whether the bankruptcy court has "related to" jurisdiction over this proceeding pursuant to 28 U.S.C. §1334. However, because the bankruptcy court has recently ruled that it has "related to" jurisdiction over the instant proceeding, Adversary Proceeding (Dkt. 21), the Court will not address this issue.

*Financial, Inc.*, 2011 WL 398054, at *4 (citing *In re Stone,* 2010 WL 5069698, at *1 (finding that the case did not need to be immediately withdrawn from the bankruptcy court and that the bankruptcy court could handle all pretrial matters)). In addition, allowing the bankruptcy court to dispose of all pretrial matters "promote[s] judicial economy and efficiency." *In re E. Coast Brokers & Packers, Inc.*, No. 8:15-cv-824-T-17, 2015 WL 2452304, at *1 (M.D. Fla. May 21, 2015) (citing *In re Stone*, 2010 WL 5069698, at *4).

Defendant's arguments regarding judicial economy are unpersuasive. Eventual *de novo* review does not extinguish the role of the bankruptcy court. *Id.* "If accepted, this kind of reductionist reasoning would result in the reference always being withdrawn from the Bankruptcy Court in the name of efficiency because of the omnipresent possibility of appeal." *Id.* (citing *In re Fundamental Long Term Care, Inc.*, 2014 WL 4452711, at *2). Moreover, conducting pretrial matters in the same court as the debtor's estate "is a much more efficient use of judicial resources, as opposed to ... pitting the case against the competing criminal and civil litigation demands of the district court's docket." *Id.* at *2 (citing *In re Stone*, 2010 WL 5069698, at *6).

Finally, while Defendant argues that this Court is better positioned to address the claims at issue, the Court finds that the bankruptcy court is sufficiently skilled and aptly prepared to handle all pre-trial matters of this cause, including ruling on dispositive motions. *See In re McDonald*, No. 8:11-MC-61-RAL, 2011 WL 2517236, at *2 (M.D. Fla. June 23, 2011) (denying motion to withdraw the reference in a proceeding involving FCCPA, Fair Debt Collection Practices Act, personal injury tort, and wrongful death claims). Therefore, it is the Court's conclusion that allowing these adversary proceedings to continue in the bankruptcy court for all pretrial matters promotes the efficient use of judicial resources and will not result in delay.

## V. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Withdrawal of Reference (Dkt. 1) is **DENIED**. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** at Tampa, Florida, this 11th day of September, 2015.

Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies To: Counsel of Record and Parties